## SUPREME COURT.

### THE PEOPLE agt. HARVEY WILCOX.

An order of a county judge appointing the terms of the county court as follows: "Terms of Cortland county court: I hereby appoint the terms of the county court to be held at the court house, in Cortlandville, on the fourth Monday of February, the fourth Monday of May, the second Monday of October, and the first Monday of December. The February and December terms are hereby designated as terms at which no jury will be required to attend. Dated January 9, 1860." *Held*, that no term of the *court of sessions* was appointed by this order, consequently an *indictment* purporting to have been found at a term of the court of sessions during the year was *quashed* as unauthorized.

*Broome General Term, January,* 1862.

*Present,* BALCOM, *P. Justice;* PARKER and CAMPBELL, *Justices.*

GEORGE B. JONES, (*district attorney*) *for the people.*
A. P. SMITH, *counsel for defendant.*

By the court, PARKER, Justice. The indictment in this case purports to have been found at a court of sessions holden at the court house in the town of Cortlandville, in and for the county of Cortland, on the second Monday of October, in the year 1861.

The plea alleges that the indictment was not found by any grand jury duly empannelled, charged and sworn, &c., because no term of the county court of said county, for the trial of issues of fact by a jury, was held on the second Monday of October, 1861; and no court of sessions was

appointed by any order of the county judge of said county, to be held in and for said county on the second Monday of October, 1861, otherwise than by an order of which the following is a copy :

"*Terms of Cortland County Court.*

I hereby appoint the terms of the Cortland county court, to be held at the court house in Cortlandville on the fourth monday of February, the fourth monday of May, the second monday of October and the first monday of December. The February and December terms are hereby designated as terms at which no jury will be required to attend. Dated January 9, 1860. HIRAM CRANDALL, *County Judge.*"

There is a further plea alleging that the indictment was never presented to any court of competent criminal jurisdiction, because of the same facts above stated.

To these pleas the district attorney, on behalf of the people, demurred, and the defendants joined in demurrer, upon which the court below gave judgment for the people; a bill of exceptions was taken and signed, and the case brought here by *certiorari.*

The constitution provides (*art.* 6, § 14,) that " the county judge with two justices of the peace, to be designated according to law, may hold courts of sessions with such criminal jurisdiction as the legislature shall prescribe, and perform such other duties as may be required by law."

It is manifest that until the court of sessions thus provided for, is set in motion by an act of the legislature, no court of sessions can be held.

It is not contemplated by the constitution that it should be always open, and consequently times of holding it must be appointed, at which times, and no other, it must be held. The legislature provided in the " act in relation to the judiciary," (*Sess. Laws* 1847, *p.* 331, § 42,) that courts of sessions shall be held at the time and place at which county courts for the trial of issues of fact by a jury of the same county shall be held.

The plea distinctly negatives the holding of a county court on the day when this indictment was found, which is admitted by the demurrer; consequently, under the provision of the act of 1847, even if that act is still in force, no court of sessions was then held.

Another act was passed July 9, 1851, (*Sess. Laws* 1851, *p.* 825,) providing that courts of sessions shall be held in the respective counties at such times as the county judge of the county shall by order designate.

The order set forth in the pleas as the only one, in pursuance of which the court was held, makes no mention of the court of sessions, and does not refer to it expressly or by implication; so that no court of sessions was held at the time in question, under the act of 1851.

The pleas negative all the facts which would give authority to hold a court of sessions at the time when the indictment was found and presented, and the allegations of the pleas stand admitted by the demurrer.

It necessarily follows that there was no legally constituted grand jury to indict the defendant, and no court competent to receive the indictment and take cognizance of the offence charged.

The case is stronger against the people than that of the *People* agt. *Moneghan*, (1 *Park. Crim. Rep.*, 570,) inasmuch as the order in that case might have included the court of sessions by implication, perhaps—a grand jury having been required in the order to attend " the terms of the said court, (county court) to be held on the third mondays of March and November in each year,"—and yet this court at general term, in the seventh district, held that it was not an order for a court of sessions, and therefore that there was no valid indictment on which the defendant could be tried.

In the case at bar, I am of the opinion that the judgment of the court below be reversed, and all proceedings therein quashed. Decision accordingly.